IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CATHERINE WALSH, | ) |
| --- | --- |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) C.A. 07-328 E |
| | ) |
| JOHN M. QUINN and | ) |
| FRANCIS J. KLEMENSIC, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION

Plaintiff Catherine Walsh brought this action against defendants John M. Quinn and Francis J. Klemensic claiming a deprivation of rights guaranteed to her by the Fourteenth Amendment of the United States Constitution.

Presently pending before the Court is the defendants' Motion to Dismiss. (Doc. 5). For the reasons stated herein, we will grant the Motion to Dismiss.

## I. Background

Ms. Walsh's complaint is based upon a medical malpractice action which she filed in the Court of Common Pleas of Erie County in 2000, and over which the Honorable Judge John A. Bozza presided. (Complaint ¶1). Defendants Quinn and Klemensic are both attorneys, and represented the medical defendants in that legal action. In 2004, Judge Bozza denied Ms. Walsh's "Motion for Leave to File Amended Complaint," which was a request to amend her Complaint to allege gross negligence, due to the expiration of the statute of limitations. Judge Bozza subsequently granted summary judgment in favor of defendants Dennis Borczon, M.D. and St. Vincent Health Center on the grounds that the allegations were insufficient to support a

1

claim for gross negligence; his order was affirmed by the Superior Court of Pennsylvania in 2005.

Plaintiff's federal complaint essentially alleges that Defendants conspired with an immune state official to interfere with her due process rights, but under exactly which statute Ms. Walsh's action is being brought is unclear. The Civil Cover Sheet accompanying Ms. Walsh's Complaint states that the alleged cause of action is "28 U.S.C. §1331-1343," with the brief description of cause reading, "14th Amendment Rights." (Civil Cover Sheet VI, filed Nov. 26, 2007). However, sections 1331 and 1343 do not serve as a statutory basis for a cause of action, but rather grant this Court jurisdiction over Constitutional questions. Though the Complaint cites no statutory basis for her action, it does assert that her 14th Amendment procedural due process rights were violated and that Defendants engaged in a civil conspiracy to deprive her of those rights. (Complaint ¶1). The first mention of a statute appears in her Brief in Opposition to the Motion to Dismiss, when Plaintiff addresses the issue of whether or not Quinn and Klemensic were liable under 42 U.S.C. §1983. Though a brief in opposition to a motion to dismiss cannot amend a complaint, the Court has considered it alongside all documents filed by Ms. Walsh. Construing them in the light most favorable to the plaintiff, we read her Complaint to allege a violation of 42 U.S.C. §1983, a deprivation of rights achieved under color of law.

## II. Standard of Review

In determining whether to grant or deny Quinn and Klemensic's Motion to Dismiss, this court must consider the extent to which facts are alleged within the complaint. The applicable pleading standard has been established by Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955

2

(2007); *abrogating* Conley v. Gibson, 355 U.S. 41 (1957). In Twombly the Supreme Court stated that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see* Papsan v. Allain, 478 U.S. 265, 268 (on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed. 2004)('[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action').

Twombly at 1964, 1965.

### III. Discussion

#### A. Rooker-Feldman Doctrine

At the outset we acknowledge that the defendants are correct when they argue that this action must be dismissed on the grounds that we lack jurisdiction as per the Rooker-Feldman doctrine, which embodies the principles set forth by the Supreme Court in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

The Rooker-Feldman doctrine is "based on the statutory foundation of 28 U.S.C. §1257 and the well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision." Parkview Associates Partnership v. City of Lebanon, 225 F.3d 321, 325 (3d Cir. 2000). The Third Circuit has described the Rooker-Feldman doctrine as "precluding lower federal court jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a state's courts." Parkview at 325, *quoting* Gulla v. North Strabane Twp., 146 F.3d 168, 171 (3d Cir.

3

1998); *see also*, Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003) (the Rooker-Feldman doctrine prohibits District Courts from adjudicating actions in which 'the relief requested... requires determining that the state court's decision is wrong.') *quoting* FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996). Thus, the issue here is whether Ms. Walsh's Complaint is so inextricably intertwined with the former adjudication in her state case that this Court should abstain, i.e. grant this motion to dismiss.

The approach and interpretation of "inextricably intertwined" that has been adopted by the Third Circuit is reflected in Justice Marshall's concurrence in Pennzoil v. Texaco Inc., 481 U.S. 1 (1987):

> While the question whether a federal constitutional challenge is inextricably intertwined with the merits of a state-court judgment may sometimes be difficult to answer, it is apparent, as a first step, that the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. *Where federal relief can only be predicated upon a conviction that the state court was wrong*, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

Id. at 25 (emphasis added); *see* Walker v. Horn, 385 F.3d 321, 329 (3d Cir. 2004); ITT Corp. v. Intelnet Int'l Corp., 366 F.3d 205, 211 (3d Cir. 2004).

At present, Plaintiff essentially takes issue with the merits of Judge Bozza's decision to grant summary judgment in favor of the defendants, a decision which was upheld on appeal. Granting the relief requested by Ms. Walsh would require this court to review the final judicial decision of the Superior Court of Pennsylvania and determine that the state court's decision is wrong. In line with the Third Circuit's understanding, we find Ms. Walsh's federal claim to be "inextricably intertwined" with the state-court judgment ordered by Judge Bozza and affirmed

4

by the Superior Court of Pennsylvania. Accordingly, we find that the Rooker-Feldman doctrine bars Ms. Walsh's federal claim, thus divesting this court of jurisdiction over her claims and prohibiting our adjudication of this action.

### B. Section 1983

In addition, we find that even if this Court had jurisdiction over Ms. Walsh's action, she has failed to state a claim upon which relief can be granted.

Section 1983 provides that every person who acts under color of state law to deprive another of his or her constitutional rights shall be liable in a suit for damages. In any §1983 action, the initial inquiry must focus on whether the two essential elements to §1983 action are present: (1) whether the conduct complained of was committed by a person acting *under color of state law*; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v Taylor, 451 U.S. 527, 535 (1981) (emphasis added).

Plaintiff alleges that John Quinn and Francis Klemensic were privately retained lawyers representing private parties in a medical malpractice suit. (Complaint ¶10). Defendants argue, and we agree, that accordingly neither defendant is a "person acting under color of state law" under §1983 in their capacity as a state licensed attorney. Polk County v. Dodson, 454 U.S. 213, 325 (1981) (a private attorney...is not acting under color of state law when performing his function as counsel); Henderson v. Fisher, 631 F.2d 1115 (3rd Cir. 1980). However, the Supreme Court has written that, "[t]o act 'under color' of law does not require that the accused be an officer of the State," Adickes v. S.H. Kress, 398 U.S. 144, 152 (1970). For instance, "private parties who corruptly conspire with a judge... are thus acting under color of state law within the

5

meaning of §1983 as it has been construed in our prior cases." Dennis v. Sparks, 449 U.S. 24, 29 (1980). When a §1983 action is brought against private individuals, the plaintiff must show that, "'[t]he private actor[s]...wrongfully influence[d] the state [actor's] decision...*through a conspiracy.*'" Smith v. Wambaugh, 29 F.Supp.2d 222, 229 (M.D. Pa. 1998), *quoting* Davis v. Union National Bank, 46 F.3d 24, 26 (7th Cir. 1994). Thus, in order for Quinn and Klemensic to be considered state actors for purposes of a §1983 claim, Ms. Walsh must sufficiently allege that a conspiracy occurred among Quinn, Klemensic, and Judge Bozza (a State official whom she admits is immune).

As the Third Circuit has explained, to allege a civil conspiracy for purposes of §1983, the plaintiff must show that two or more persons combined to do an unlawful or criminal act, or to do a lawful act by unlawful means or for an unlawful purpose. Ammlung v. City of Chester, 494 F.2d 811 (3d Cir. 1974). The plaintiff must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." Hammond v. Creative Fin. Planning Org., Inc., 800 F.Supp. 1244, 1249 (E.D. Pa. 1992). "Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient." Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989). In addition, "[a]greement is the *sine qua non* of a conspiracy." Spencer v. Steinman, 968 F.Supp. 1011, 1020 (E.D. Pa. 1997).

Plaintiff alleges that the defendants Quinn and Klemensic were involved in a conspiracy with Judge Bozza to deny Plaintiff her Constitutional right to due process. Plaintiff avers that

6

Quinn and Klemensic had *ex parte* communications with Judge Bozza wherein they discussed the case, and that during these communications they worked with Judge Bozza to end the case improperly. *See generally* (Pl.'s Complaint at ¶¶18-29).

The Court is mindful that direct evidence of a conspiracy is rarely available and that the existence of a conspiracy must usually be inferred from the circumstances. The Court is equally mindful that, as the Tenth Circuit warned, "caution is advised in any pre-trial disposition of conspiracy allegations in civil rights actions." Cudlow v. State of Oklahoma, 700 F.2d 1291, 1303 (10th Cir. 1983). However, the rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: a combination, agreement, or understanding. In neither her Complaint nor her Brief in Opposition to the Motion to Dismiss does Ms. Walsh provide anything more than conclusions concerning a conspiracy. She points to no facts or particularized allegations which would sufficiently support a showing that Quinn or Klemensic came to an understanding or agreement with Judge Bozza to deprive her of her rights. *See* Spencer, 968 F.Supp. at 1020-21 (plaintiff did not present sufficient facts to allege a §1983 conspiracy claim between an attorney and judge where plaintiff did not offer any facts that the attorney acted through a "combination, agreement, or understanding" with the judge); *see also* Crabtree By and Through Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir. 1990) ("[a] conspiracy [under §1983] cannot be found from allegations of judicial error, ex parte communications ... or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper conduct").

In the absence of any specific factual allegation from which a reasonable factfinder could determine otherwise, we do not find a significant nexus or entanglement within the alleged actions between Judge Bozza and the private defendants that would give rise to a conspiracy. As

7

such, Quinn and Klemensic cannot fairly be treated as "acting under color of state law." Because there are insufficient allegations to sustain a claim of conspiracy defendants John Quinn and Francis Klemensic cannot be considered "state actors" for the purposes of §1983.

## IV. Conclusion

We conclude that this Court lacks jurisdiction under the Rooker-Feldman doctrine, and that Ms. Walsh has failed to state a claim on which relief can be granted. Accordingly, the Court finds that the Motion to Dismiss of John Quinn and Francis Klemensic must be granted. An appropriate order follows.[1]

Date: August 8, 2008

Maurice B. Cohill, Jr.

Hon. Maurice B. Cohill, Jr.
Senior United States District Court Judge

---

[1] Because we find this action must be dismissed on the grounds previously stated, we decline to address the statute of limitations argument addressed by Defendants.